UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| DAVID J. MARTINI; MARGARET A. MARTINI,<br><br>  Petitioners,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | 03:05-CV-0393-LRH-RAM<br><br>ORDER |

Before the court is Respondent the United States of America's motion to dismiss (#6[1]) (#6) Petitioners David and Margaret Martini's motion to quash an administrative summons (#2). No opposition to the pending motion has been filed by Petitioners. However, as Petitioners are proceeding *pro se*, the court will construe their original motion to quash as an opposition.

The underlying suit concerns a summons issued by the Internal Revenue Service to the Department of Taxation of the State of Nevada seeking information about business records that may relate to Petitioners. While neither party has considered the issue of standing to contest the underlying summons, the court notes that it has an independent obligation to consider issues of subject matter jurisdiction *sua sponte*. *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999); *United States v. Southern California Edison Co.*, 300 F.Supp.2d 964, 972 (E.D. Cal. 2004).

The United States, as a sovereign entity, may not be sued without its consent. *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990). Therefore, if the United States is a party to an action

---

[1] All references to (#XX) refer to the court's docket.

1  but has not waived its sovereign immunity, the action must be dismissed for lack of subject

2  matter jurisdiction. *United States v. Nye County, Nev.*, 178 F.3d 1080, 1089 n.12 (9th Cir. 1999).

3  Generally, the plaintiff bears the burden of proving that sovereign immunity has been

4  unequivocally waived. *Cato v. U.S.*, 70 F.3d 1103, 1107 (9th Cir. 1995).

5        "Section 7609 of Title 26 waives sovereign immunity and grants a right to sue the United

6  States in the limited case of a petition to quash a summons." *Buckner v. United States*, 585

7  F.Supp. 564, 564 (N.D. Ill. 1984).  Section 7609 provides that "any person who is entitled to

8  notice of a summons under subsection (a) shall have the right to begin a proceeding to quash

9  such summons. . . ." 26 U.S.C.A. § 7609(b)(2)(A) (West 2005).  A person is entitled to notice

10 under subsection (a) when the summons "requires . . . the production of any portion of records

11 made or kept on or relating to . . . any person (other than the person summoned) who is identified

12 in the summons. . . ." *Id.* at § 7609(a)(1).  Accordingly, the United States will be said to have

13 waived its sovereign immunity in most cases where records relating to a person are requested

14 from a third party.

15       However, section 7609 provides for exceptions to this rule.  Specifically, section 7609

16 "shall not apply to any summons . . .served on any person who is not a third-party recordkeeper

17 (as defined in section 7603(b))." *Id.* at § 7609(c)(2)(E)(ii).  The parties considered a third-part

18 recordkeeper are specifically defined under section 7603(b)(2)(A)-(J) as:

19     (A) any mutual savings bank, cooperative bank, domestic building and loan
    association, or other savings institution chartered and supervised as a savings and
20     loan or similar association . . .,
    (B) any consumer reporting agency . . .,
21     (C) any person extending credit through the use of credit cards or similar devices,
    (D) any broker . . ..
22     (E) any attorney,
    (F) any accountant,
23     (G) any barter exchange . . .,
    (H) any regulated investment company . . . and any agent of such regulated
24     investment company when acting as an agent thereof,
    (I) any enrolled agent, and
25     (J) any owner or developer of computer software source code . . ..

26 There is no evidence, nor any suggestion, that the Department of Taxation of the State of Nevada

27 falls within any of the categories that define a third-party recordkeeper.

28       Since the Department of Taxation of the State of Nevada is not a third-party recordkeeper

as defined by the applicable statute, the United States of America has not waived its sovereign immunity in this case.  *See Covington v. United States*, 853 F.Supp. 888, 889 (W.D.N.C. 1994)*, affirmed in unpublished opinion by* 27 F.3d 562 (4th Cir. 1994) (providing that "only the person named in a summons served upon a third party record keeper is entitled to notice, and only a person entitled to notice of a summons served upon a third party record keeper may move to quash that summons"); *Morrison v. United States*, 881 F.Supp. 306, 308 (S.D. Ohio 1995) (allowing taxpayer to participate in the release or non-release of financial records only if the third party summoned is a third party record keeper).

Accordingly, Petitioners have no standing to contest the summons issued in this matter and the court lacks subject matter to hear the underlying motion to quash.  Respondent's motion to dismiss (#6) is granted.

IT IS SO ORDERED.

The Clerk shall enter judgment accordingly.

DATED this 24th day of January, 2006.

_____
LARRY R. HICKS
United States District Judge