UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| DAVID J. MARTINI & MARGARET A. MARTINI, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | 03:05-CV-0393-LRH (RAM) <br><br> <u>ORDER</u> |

Presently before this court is the United States motion for clarification (#10[1]) of the court's previous order of January 25, 2006 dismissing the pending matter for a lack of subject matter jurisdiction[2] (#7). Plaintiffs, David and Margaret Martini, have submitted an opposition (#9) to the United States' original motion to dismiss their motion to quash since the entry of the court's order. As the court now reaches the merits of the underlying motion to dismiss, Plaintiffs' opposition will be considered.

As noted in the prior order, this matter arises out of a summons issued to the Nevada Department of Taxation by the IRS. Notice was provided to Plaintiffs, who filed a motion to quash the administrative summons. The government has filed a motion to dismiss, the standard procedure for attacking a motion to quash an administrative summons. *See Cosme v. IRS*, 708

---

[1] References to (#XX) refer to the court's docket.

[2] The United States has provided clarification to the court that the summons at issue in this matter was served by an Internal Revenue Service ("IRS") Revenue Agent and not by an IRS Criminal Investigator. Accordingly, the court has subject matter jurisdiction in this matter and will proceed to the merits of the case. *See* 26 U.S.C. § 7609(c)(2)(E).

1  F.Supp. 45, 48 (E.D. N.Y. 1989) (providing that an IRS motion to dismiss a motion to quash an
2  administrative summons is treated as a 12(b) motion).  When such a tact is taken, the burden is
3  placed on the party moving to quash to establish a proper defense to the summons.  *Id.*
4        Plaintiffs have raised several arguments that the summons issued was improper.
5        *1.    Separation of Powers*
6        Plaintiffs argue that the sovereign rights of that State of Nevada preclude the IRS from
7  issuing a subpoena against the Department of Taxation in this matter.  This argument essentially
8  contends that the Tenth Amendment's recognition of dual sovereignty limits the authority of the
9  IRS to issue subpoenas directed at state entities.  Under Plaintiff's line of reasoning, the statute
10  under which the subpoena was issued would need to be deemed unconstitutional as applied.  The
11  court finds no reason to limit the statute as requested.
12        While no cases have specifically held that the IRS may subpoena a state agency when
13  investigating the tax liability of a citizen of that state, case law has developed on the authority of
14  federal grand juries to issue subpoena's against state agencies, including a state department of
15  taxation.  *See In re Special April 1977 Grand Jury (Scott)*, 581 F.2d 589, 592 (7th Cir. 1978)
16  ("[n]othing in the United States Constitution immunizes any exclusive domain of the state . . .
17  from the reach of a federal grand jury . . . .")(internal quotations omitted); *In re Grand Jury*
18  *Empanelled January 21, 1981*, 535 F.Supp. 537, 538-39 (D.C. N.J. 1982) (federal grand jury
19  subpoena power allows subpoena of state department of taxation); *In re Hampers*, 651 F.2d 19,
20  23-4 (1st Cir. 1981) (accepting authority to subpoena state tax records but holding those records
21  privileged in federal grand jury context when certain requirements are not met); *In re Cruz*, 561
22  F.Supp. 1042, 1045-46 (D.C. Conn. 1983) (same).
23        The court concludes that the federal subpoena power granted to a federal grand jury is
24  equivalent in terms of constitutional limits as that granted to the IRS in this matter.  Accordingly,
25  the court agrees with the analysis of those cases concerning the authority to subpoena state
26  agencies and concludes that the IRS may constitutionally subpoena records of individual
27
28

1  taxpayers from the Nevada Department of Taxation.³  In addition, there is at best a tenuous
2  connection between the subpoena powers at issue and the right of states to not be taxed by the
3  Federal government, as claimed by Plaintiffs.  The power to subpoena individual tax records
4  does not directly or indirectly tax the state from which those records come.  Nor does such power
5  disrupt the state's power to tax its own citizens by encouraging citizens to file false returns or not
6  file at all.  The normal state mechanisms for ensuring compliance with the state's tax laws ensure
7  that sharing those records, if required to do so, would not harm the state.  Thus, 26 U.S.C. § 7602
8  is not constitutionally infirm when used to recover records held by a state department of taxation.

        2.       *Statutory Authority*

10        Plaintiffs contend that, even if the subpoena is constitutionally permissible, the statute
11 itself does not authorize the IRS to subpoena a state agency.  Specifically, Plaintiffs point to the
12 limited definition of "person" contained in 26 U.S.C. § 7701(a): "The term 'person shall be
13 construed to mean and include an individual, a trust, estate, partnership, association, company or
14 corporation."  Seeing that this definition does not include individual states or state agencies,
15 Plaintiffs contend that the IRS does not have the authority to subpoena the Nevada Department of
16 Taxation.
17        The government has replied by arguing that the statutory definition contained in section
18 7701(a) is not intended to be so rigid that it cannot include states and their agencies.
19 Specifically, the government cites *Estate of Wycoff v. C.I.R.*, 506 F.2d 1144 (10th Cir. 1974)
20 (*Wycoff*), for the proposition that states can be included within the definition of person contained
21 in section 7701.  *Wycoff* dealt in part with an argument that an exception to the terminable
22 interest provision of 26 U.S.C. § 2056(b)(5) would be applicable because any interest passing
23 under the facts of that case would pass either to the United States or to the State of Utah, an

---

³ The court passes no judgment on whether privileges can be asserted to preclude use of the information gained when criminal charges may be pending and the information sought is not to be used to determine tax liabilities.  In terms of tax liability determinations, the court sees no justification for extending the privilege protections provided in non-tax liability cases to tax liability cases.

3

1  entity not deemed a person under section 7701(a).[4]  The *Wycoff* court rejected this argument as
2  "ingenious but not meritorious." *Wycoff*, 506 F.2d at 1151.
3       "Whether 'person' includes a state or the United States depends on the legislative context
4  in which the word is found." *Id.*  In *Wycoff*, this directive required an analysis of the purposes
5  behind the estate tax marital deduction to determine whether the purposes of that legislation
6  would preclude a definition of person that included either the United States or the State of Utah.
7  Such an inquiry is permissible under section 7701(c)[5], which provides that definitions using the
8  words "includes" or "including," "shall not be deemed to exclude other things otherwise within
9  the meaning of the term defined." 26 U.S.C. § 7701(c); *Wycoff*, 506 F.2d at 1151.  For the
10  present dispute, the court is required to determine whether the context surrounding the subpoena
11  power of section 7602 is consistent with a definition of the term "person" that includes the
12  individual states.
13       Section 7602(a) provides the authority for the IRS to "examine any books, papers,
14  records, or other data which may be relevant or material" to a tax inquiry. 26 U.S.C. §
15  7602(a)(1).  It also provides the authority to summon "any person the Secretary may deem proper
16  . . . to produce such books, papers, records, or other data . . . ." *Id.* at § 7602(a)(2). Further the
17  IRS possesses broad investigatory and subpoena powers in general. *See Tornay v. United States*,
18  840 F.2d 1424, 1431 (9th Cir. 1988).  When considering the broad powers granted to the IRS to
19  investigate tax issues, the specific statutory mandate that any papers, records or other data may be
20  examined, and the right of the IRS to summon any person holding such papers, the court
21  concludes that "when considered in this context [individual states] should not be, on the basis of
22  technical reasoning, excluded from the term 'persons,' for to do this would be out of harmony

---

[4] The *Wycoff* opinion refers to a prior version of the Internal Revenue Code.  However, despite the substantial revisions that occurred with the 1986 amendments that the Code is now based on, the statutory references in *Wycoff* are still generally applicable to the current situation. Where differences exist, the court will provide the proper statutory citation.

[5] This section was referred to by its pre-1986 Code designation of 26 U.S.C. § 7701(b) when considered by the *Wycoff* court.

with the [subpoena power granted the IRS under section 7602]." *Wycoff*, 506 F.2d 1151.

### 3. Proof of Proper Service

Plaintiffs contend that the IRS did not comply with the technical service requirements mandated by 26 U.S.C. § 7603(a) because there is no proof that the summons was served "by an attested copy delivered in hand to the person to whom it is directed." In direct contradiction to Plaintiffs' claim, the government has produced the summons and its accompanying proof of service. These documents show that personal service was in fact effectuated and that all requirements of section 7603(a) were met. Thus, Plaintiffs argument is without merit.

### 4. Powell Factors

Plaintiffs remaining arguments to quash the subpoena issued fall within the mandates of *United States v. Powell*, 379 U.S. 48 (1964), which provides that a summons will be appropriate if (1) the underlying investigation is for a legitimate purpose, (2) the inquiry requested is relevant to that purpose, (3) the information sought is not already in the government's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. *Powell*, 379 U.S. at 57-8. Plaintiffs contend both that the proper administrative steps were not followed when Plaintiffs did not receive advance notice of the summons and that the inquiry is not relevant to the legitimate purpose of determining Plaintiffs' tax liabilities.

Regarding compliance with the advance notice provisions of 26 C.F.R. § 301.7602-2(a) upon which Plaintiffs base their argument that the proper administrative steps were not followed in issuing the contested summon, the government does not contest that the regulations contained in 26 C.F.R. § 301.7602-2, *et seq.*, apply to such a situation. However, the government correctly points out that 26 C.F.R. § 301.7602-2(f)(5) specifically provides that the advance notice requirements of subsection (a) do not apply to contacts with "any office of any local, state, Federal, or foreign governmental entity." Accordingly, Plaintiffs' contesting of the administrative procedures required for issuance of a summons fails.

The court now turns to Plaintiffs' argument that the government has not demonstrated that the requested documents are relevant to any potential tax liability relating to Plaintiffs. Relevance in this context is not defined by evidentiary standards. Instead a relevant document is

1   one which would throw light upon the correctness of a taxpayer's returns.  *United States v. Ryan*,
2   455 F.2d 728, 733 (1972).  The government claims that the affidavit of Linda Bradfield provides
3   sufficient indicia of relevance in this matter to satisfy the *Powell* requirement.
4      Ms. Bradfield avers that the "books and records sought by the summons may be relevant
5   to determining the income tax liabilities of [Plaintiffs] for the years 1997 through 2003."
6   Declaration of Linda Bradfield at 3.  Plaintiffs correctly attack this statement as conclusory and
7   insufficient to satisfy the relevancy requirement of *Powell*.  However, Plaintiffs wholly ignore the
8   language found earlier in the declaration which states that Ms. Bradfield issued the summons
9   "seeking records relating to [Plaintiffs], including information relating to the Snowflake Donut
10  Shop, an entity with which I had previously determined they may be connected." *Id.* at 2.  While
11  this language does not specify exactly how Plaintiffs are tied to the records subpoenaed, it does
12  demonstrate that Ms. Bradfield had conducted an investigation which connected the donut shop
13  to Plaintiffs in a manner that would suggest retrieval of the shop's tax records would throw light
14  upon the correctness of Plaintiffs' returns.  The court finds this statement sufficient to satisfy the
15  relevancy element of *Powell*.
16     Accordingly, Plaintiffs cannot state a claim for relief from the subpoena issued to the
17  Nevada Department of Taxation.
18     It is therefore ORDERED that the United States Motion to Dismiss (#6) is GRANTED
19  and Plaintiffs' Petition to Quash (#2) is dismissed.
20     DATED this 4th day of May, 2006.

_____
LARRY R. HICKS
United States District Judge